MIED (Rev. 03/11) Prisoner Civil Rights Complaint

## Official Use Only

| Case Number | Judge | Magistrate Judge |
|---|---|---|
|  |  |  |

Case: 5:18-cv-12488
Judge: Levy, Judith E.
MJ: Whalen, R. Steven
Filed: 08-10-2018 At 02:17 PM
PRIS HARRIS v. BUSKIRK ET AL. (EK)

# PRISONER CIVIL RIGHTS COMPLAINT

*This form is for use by state prisoners filing under 42 U.S.C. § 1983 and federal prisoners filing pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).*

### Plaintiff's Information

| Name | Dave Harris | Prisoner No. | 527986 |
|---|---|---|---|

| Place of Confinement | Saginaw Regional Facility |
|---|---|

| Street | 9625 Pierce Road | City | Freeland | State | MI. | Zip Code | 48623 |
|---|---|---|---|---|---|---|---|

Are there additional plaintiffs?  ☐ Yes   ☒ No

If yes, any additional plaintiffs to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. <u>You must provide names, prisoner numbers and addresses for all plaintiffs.</u>

### Defendant's Information

| Name | Joshua A. Buskirk | Position | Physician Assistant |
|---|---|---|---|

| Street/P.O. Box | City | State | Zip Code |
|---|---|---|---|
| 9625 Pierce Road | Freeland | MI. | 48623 |

Are you suing this defendant in his/her:  ☐ Personal Capacity  ☐ Official Capacity  ☒ Both Capacities

Are you suing more than one defendant?  ☒ Yes   ☐ No

If yes, any additional defendants to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. <u>You must provide their names, positions, current addresses and the capacity (personal, official or both) in which you are suing them.</u>

1

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

## I. PREVIOUS LAWSUITS

Have you filed any other lawsuits in state or federal court relating to your imprisonment?

☑ Yes    ☐ No

If "Yes," complete the following section. If "No," proceed to Part II.

Please list all prior civil actions or appeals that you have filed in federal court while you have been incarcerated.

| | |
|---|---|
| Docket or Case Number: | 2:15-CV-126 |
| Name of Court: | U.S. District Court - E.D. Michigan |
| Parties (Caption or Name of Case): | DAVE HARRIS V. THOMAS WINN, WARDEN |
| Disposition: | Habeas Corpus in Stay of Proceeding and Abeyance |

| | |
|---|---|
| Docket or Case Number: | N/A |
| Name of Court: | N/A |
| Parties (Caption or Name of Case): | N/A |
| Disposition: | N/A |

| | |
|---|---|
| Docket or Case Number: | N/A |
| Name of Court: | N/A |
| Parties (Caption or Name of Case): | N/A |
| Disposition: | N/A |

***Any additional civil actions should be listed on a separate sheet of 8½" x11" paper and securely attached to the back of this complaint.***

2

## II. STATEMENT OF FACTS

State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include the names of other people, dates and places involved in the incident. Do not give any legal arguments or cite any cases or statutes.

See Attached Pages

## III. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. Set forth each claim in a separate paragraph. If you intend to allege several related claims, number and set forth each claim on a separate 8½" x 11" sheet of paper and securely attach the papers to the back of this complaint.

**EIGHTH AMENDMENT, U.S. CONSTITUTION**

## IV. RELIEF

State briefly and exactly what you want the Court to do for you.

Plaintiff Dave Harris request that he be awarded $2.5 Million dollars for mental and emotional distress damages; 2.5 million dollars for pain and suffering and $150,000 dollars for punative damages.

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

Recoup ALL filing fees, to include copy cost, legal supplies and postage. Awarding attorney fees if applicable.
See Relief on page 4 addition pages.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed (signed) on _____ (date).

_____
Signature of Plaintiff

4

## II. STATEMENT OF FACTS

1. DEFENDANT JOSHUA BUSKIRK MP2    as Defendant #1
   Saginaw Correctional Facility
   9625 Pierce Road  - MDOC
   Freeland, Michigan  48623

Plaintiff contends that the Defendant Joshua Buskirk from the period of 9/17/2017 until 1/19/2018, acted with deliberate indifference to his medical needs. That said Defendant failed to properly treat the Plaintiff and under the standards of a reasonable person left Plaintiff untreated until his left leg became swollen and painful. This failure to treat caused an urgent request for Plaintiff to be treated by the Correctional Staff at Saginaw Correctional Facility.  Plaintiff was thereafter taken to St. Mary's of Michigan hospital and diagnosised Cellulitis. Plaintiff Harris is a cancer patient, Honorably Discharged U.S. Vietnam era veteran currently housing in the SRF Veteran Unit.  Plaintiff also has a long standing medical history from the military which he has been receiving care and treatment from the VA for decades.  Defendant Johua Buskirk knew or should have known of Plaintiff's treatment history and did not treat him per his charted known illness. Plaintiff complained numerous times to the Saginaw Health Service Department  of his constant pain and visible sweelling in his extremities.

2. DEFENDANT CARLA GROSS RN-13 (ACTING)   as Defendant #2
   Saginaw Correctional Facility
   9625 Pierce Road - MDOC
   Freeland, Michigan  48623

Plaintiff contends that Carla Gross - Registered Nurse from the period of 10/19/17 until 2/21/18, was the Respondent for  numerous MDOC Grievances filed regarding the unprofessional and lack of treatment in this matter. Grievance No. SRF/2018/ 02/0117/12D1; SRF/2017/10/1097/12D1; SRF 2017/10/1122/12D1. Defendant's responses where not performed by direct knowledge and evaluation but mere review of the medical entries made by Defendant Buskirk MP2.

1.

## II. STATEMENT OF FACTS

Defendant Gross' ruling in each of the cited SRF Grievances do not reflect the actual failure to act by Defendant Buskirk, as Plaintiff willfully omits pain evaluation by the Plaintiff and direct observation as complained of in his stated grievances.

The record on 9/22/17, supports that Plaintiff appeared at SRF health service reported pain in his side and blood in his urine and no action was taken though reported to nursing staff. The nurse of duty simply advised Plaintiff to address his side pains and bleeding at his upcoming appointment 5 days later on 9/27/17. On 9/24/17, the inmates in the unit informed staff in housing unit 800 that Plaintiff Harris was in pain and was unable to stand or walk. Staff of 800 unit brought Plaintiff to the clinic in a wheelchair for treatment. Deliberate indifference and lack of medical care was evident but not found by this Defendant. Defendant knew or should have known that Plaintiff had co-occurring physical problems but did not cited that Plaintiff was improperly treated per his known conditions.

3. Sue McCauley HUM (Nurse) as <u>Defendant #3</u>
   Saginaw Correctional Facility
   9625 Pierce Road - MDOC
   Freeland, Michigan  48623

Plaintiff contends that Sue McCauley - Health Unit Manager from the period of 10/19/17 until 2/21/18, was the Reviewer of each of the submitted grievances by the Plaintiff. Defendant McCauley acting as the Health Unit Manager was addressed by Plaintiff seeking redress and assistance for the lack of care, improper care and the deliberate indifference claimed by Plaintiff against Defendant #1 (Buskirk). This correspondenc written on 1/20/18 was never address by HUM McCauley to date pertaining to SRF Grievance NO. SRf/2018/02/0117/12D1.

2.

## II. STATEMENT OF FACTS

Defendant #3 is the overall supervisor of Defendants #1 & #2, and directly responsible for these Defendants compliance with medical treatment of clients, and compliance with the DOC's policies, operating procedures and compliance with standards of humane treatment of clients/prisoners. Defendant #3 biasness is demonstrated by her concurrences with Defendant #2 review of his claim and denying the fact that Plaintiff was not properly treated. Had Defendant acted in a reasonable time Plaintiff would not suffered extended terms of pain, the actual injuries noted and mental and emotional distress.

4.  Patrica Lamb, RN BSN - MDOC Central Office Respondent as <u>Defendant #4</u>
    Michigan Department of Corrections
    P.O. Box 30003
    Grandview Plaza
    Lansing, Michigan 48909

Plaintiff Harris contends that Patricia Lamb - RN BSN, acting as the MDOC's Central Office Respondent, abused her discretion and is also liable for the acts and omissions of Defendants #1, #2 and #3. Defendant lamb's position is to evaluate medical claims against staff employed by the MDOC as contractual employees. In all the MDOC Grievance submitted to exhaustion to Step III, Defendant Lamb was the Respondent for the DOC at Central Office level in Lansing. Contrary to the documentary evidence submitted by the Plaintiff, Lamb only found a single act of deficient performance - that an earlier assessment of grievant's 9/22/17 report of side pain and bleeding would have been preferred. Grievance SRF/2017/10/1097/12D1 dtd: 9/8/2017.

Defendant Lamb's failure to thoroughly review Plaintiff's file and described sysmptomology caused further harm because Plaintiff adequately described multiple co-occurring medical problems which were not each independently addressed supporting an unreasonable lack of care from these Qualified Health Professionals. I reasonable person trained in medical would have focused on the medical claims of pain and lack of mobility rather than a layperson lack of usage of medical terms. This is the association of the 8th Amendment violation.

## II. STATEMENT OF FACTS

5. JANE DOE - NURSE as Defendant #5
   Saginaw Correctional Facility
   9625 Pierce Road - MDOC
   Freeland, Michigan  48623

Plaintiff Harris contends that JANE DOE - Nurse as Defendant #5, on 9/19/17, on said date did not report to an appointment due to being affected by the pain in his lower back and leg/hip.  The pain was so great that it caused restlessness and I stayed awake from 9/18/17 to the early morning hours of 9/19/17.  At the time of the scheduled appointment I was unable to walk and advised staff that I was sick and in pain.  On 9/22/17, I kited Health service about pain in my side and bleeding.  The nurse (Defendant #5) advised me to discuss my pain and the bleeding at an upcoming appoitnment 5 days later.  On 9/24/17, my condition worsened and the bleeding still persisted, the custody staff rushed me to medical because I couldn't stand/wlak and visibly was in pain. I talked to the housing staff about health service decling to immediately see me and advice to wait until 9/27/17. When I was seen at health service Defendant #1 was called via phone and directed the nursing staff to provide me with motrin.  Plaintiff refused the motrin because motrins causes a bad reaction in my stomache.  Per my medical records I was on [hydrocodone] for pain.  Plaintiff did not refuse treatment but rather complained that motrin had adverse side effects which I had informed my provided why motrin should not be prescribed to me for pain.  Defendant #5 did not inform Defendant #1 nor did she chart my reason for refusal.  A reasonably competent QHP would have advised the PA (Defendant #1) and made the proper notation of the current medications Plaintiff had been prescribed and was taking for pain.

RELIEF REQUESTED:

   WHEREFORE, Dave Harris Plaintiff In Pro Per moves that this Court GRANT Summary Judgment in Plaintiff's favor, or order responsive pleadings by the Defendants, allow Plaintiff to submit and brief these claims, offer evidence and exhaustion and/or show cause why relief should be GRANTED; appointment of Counsel as these 8th Amendment violations are complex and Plaintff is untrained in law, and Medical Expert(s) opinion may be required to rebut the Defendants.

Date: _____/_____/2018                    /s/ _Dave Harris_____
                                            Dave Harris #527986
                                            Plaintiff In Pro Per



Clerk U.S. District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Boulevard, 5th Flr.
Detroit, MI Michigan 48226

RECEIVED
AUG 10 2018
CLERK'S OFFICE
U.S. DISTRICT COURT

U.S. MARSHALS

Dave Harris #527986
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, Mich 48623

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 18-12488 | Judge: Judith E. Levy | Magistrate Judge: R. Steven Whalen |
|---|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br>DAVE HARRIS | | **Name of 1st Listed Defendant/Respondent:**<br>JOSHUA A. BUSKIRK ET AL |
| **Inmate Number:** 527986 | | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | | |
| **Correctional Facility:**<br>Saginaw Correctional Facility<br>9625 Pierce Road<br>Freeland, MI 48623<br>SAGINAW COUNTY | | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   - ☐ Yes   ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   - ☐ Yes   ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases