Dave Harris, #527986,

                    Plaintiff,        Case No. 18-12488

v.                               Judith E. Levy
                               United States District Judge

Joshua Buskirk, et al.,

                               Mag. Judge R. Steven Whalen

                    Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Dave Harris, a prisoner at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, raising claims concerning his medical care and the denial of related grievances. Plaintiff alleges that defendants Joshua Buskirk, a physician assistant, and nurses Carla Gross, Sue McCauley, Patricia Lamb, and an unidentified nurse, "Jane Doe," violated his Eighth Amendment rights. Plaintiff sues the defendants in their official and personal capacities seeking monetary damages. The Court granted plaintiff leave to proceed without prepayment of the filing fee for this action under 28 U.S.C. § 1915(a)(1). (Dkt. 3.)

## I.    Background

Plaintiff Dave Harris' claims arise from a case of cellulitis, a painful and potentially serious bacterial skin infection, and the review of three grievances filed with the Michigan Department of Corrections ("MDOC"), which appear to have been filed while or after plaintiff's cellulitis worsened. Plaintiff may have a history of cellulitis. (*See* Dkt. 1 at 5.) Eventually, he was treated at the Saginaw Correctional Facility health services center and then at an outside hospital, St. Mary's of Michigan, where he was diagnosed with cellulitis. (*Id.*)

At an unspecified point in time, plaintiff contracted cellulitis. Once his conditioned worsened, plaintiff made numerous complaints to correctional medical staff. On September 18, 2017, plaintiff alleges that the cellulitis on his leg worsened significantly, causing lower back, leg, and hip pain severe enough so keep him awake at night. (*Id.* at 8.) He also states that his extremities were visibly swollen. (*Id.* at 5.) The next day, plaintiff notified staff that he was very ill. (*Id.* at 8.) He secured a medical appointment, but the nurse assigned to the appointment, Jane Doe, did not show up. (*Id.*) Plaintiff states that at this point, he could not stand or walk, had pain in his side, and had blood in his urine. (*Id.* at 5-

6.) On September 22, he again notified staff, this time describing pain in his side and pointing to bleeding, presumably on his leg. (*Id.* at 5.) Jane Doe advised plaintiff to wait until his preexisting medical appointment on September 27, which was five days away. (*Id.*)

But on September 24, plaintiff's condition worsened: the bleeding had not yet stopped, he still could not stand or walk, and he was visibly in pain. (*Id.*) Plaintiff was sent to health services, where defendant Joshua Buskirk, a physician assistant, directed nursing staff to administer Motrin. (*Id.*) Plaintiff refused due to stomach issues, but was allegedly on hydrocodone for pain. (*Id.*) Doe did not inform Buskirk of the reason for refusal or that plaintiff was on hydrocodone. (*Id.*) Though it is unclear from plaintiff's complaint, presumably he was sent to St. Mary's of Michigan after this visit to health services. (*See id.* at 5.)

During or after plaintiff's case of cellulitis, he initiated three grievances that the Court assumes are related to his care and treatment by correctional facility staff related to cellulitis. (*See id.* at 5.) Defendants Carla Gross, a nurse; Sue McCauley, a nurse and the Health Unit Manager; and Patricia Lamb, a nurse and the Michigan Department of Corrections Central Office Respondent each had a role in reviewing his

grievances. (*Id.* at 5-7.) Gross reviewed entries made by Buskirk and ruled on his grievances. (*Id.* at 5-6.) McCauley supervised Buskirk and Gross, reviewed the submitted grievances, and ruled on grievances. (*Id.* at 6-7.) Lamb supervised Buskirk, Gross, and McCauley, and evaluated medical claims against MDOC contractors. (*Id.* at 7.)

Plaintiff filed this § 1983 action against defendants, alleging defendants violated his Eight Amendment rights. Specifically, he alleges that Buskirk was deliberately indifferent to his medical needs, failed to provide medical care, and presumably he alleges the same against Jane Doe. (*Id.* at 5, 6, 8.) He also claims that Gross is liable because she should have known that other defendants were deliberately indifferent and denied medical care to plaintiff. (*Id.* at 6.) Against McCauley, plaintiff seems to claim that she is responsible for the actions of those she supervises, and that she was biased in her review of plaintiff's grievances. (*Id.* at 7.) Finally, plaintiff alleges that Lamb abused her discretion; is liable for the actions of her subordinates, Buskirk, Gross, and McCauley; and did not adequately review plaintiff's files. (*Id.*)

## II.   Legal Standard

Under the Prison Litigation Reform Act of 1996, courts are required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Courts are similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But a pro se complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.  Analysis

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Plaintiff's complaint is subject to summary dismissal because he fails to allege facts showing defendants Gross, McCauley, and Lamb were personally involved in

unconstitutional conduct and that Buskirk or Jane Doe violated his constitutional rights. Monetary damages are therefore inappropriate.

### a. Claims against Gross, McCauley, and Lamb

Plaintiff's claims against defendants Gross, McCauley, and Lamb must be dismissed because plaintiff fails to allege facts demonstrating the personal involvement of those defendants in the alleged unconstitutional conduct giving rise to the complaint. Vicarious liability through "the right to train one's employees" is insufficient to establish liability for supervisors. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Instead "a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995). Plaintiff fails to do so with respect to defendants Gross, McCauley, and Lamb.

Plaintiff's assertions that those defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, erred in denying grievances or complaints, and/or did not sufficiently respond to the situation (Dkt. 1 at 1-3) are insufficient to state a claim under § 1983.

*See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based on a "mere failure to act" (quoting *Salehpour v. Univ. of Tenn*, 159 F.3d 199, 206 (6th Cir. 1998)). *See also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care. Therefore, [plaintiff] failed to allege any personal involvement by defendant [ ] in the alleged denial of medical treatment."). Here, plaintiff does not allege any facts that indicate defendants approved of or implicitly condoned any unconstitutional conduct.

Moreover, to the extent that plaintiff asserts that one or more of the defendants violated his constitutional rights by denying his grievances, he fails to state a claim for relief. Though a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not guarantee a prisoner will be successful in his grievance or that officials will responds, *Smith v. Arkansas State Hwy. Emps., Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). An inmate does not have a constitutionally protected interest in a

jail or prison grievance procedure or the right to an effective procedure. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the extent that plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003). Plaintiff's claims against defendants Gross, McCauley, and Lamb must therefore be dismissed.

### b. Claims against Buskirk and Jane Doe

Plaintiff's claims against defendants Buskirk and Jane Doe must be dismissed because Plaintiff fails to allege facts showing that those defendants acted with deliberate indifference to his medical needs. A "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (quotation omitted). The deliberate indifference standard requires an inmate plaintiff to show that prison officials acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (citing cases). A plaintiff may establish deliberate indifference by "a showing of grossly inadequate medical care as well as a decision to take an easier

but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999), citing *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). But when there is an "ongoing pattern of treatment," a prisoner's constitutional rights are generally not infringed. *E.g. Pate-El v. Gluch*, 848 F.2d 193 (Table), 1988 WL 49054, *1 (6th Cir. 1988). *Accord Huff v. Manfredi*, 504 F. App'x 342, 345 (5th Cir. 2012); *Ali v. Howard*, 353 F. App'x 667, 671 (3d Cir. 2009).

Plaintiff admits that he received medical attention for his condition, including a recommendation for pain medication, from the defendants; that he was scheduled for an upcoming appointment; and that when his condition worsened he was taken to the hospital for treatment. (Dkt. 1 at 5, 8.) In fact, plaintiff was undergoing a pattern of treatment. Plaintiff alleges no facts that show that the defendants ignored his problem, acted with deliberate indifference, or intentionally caused him injury or pain with respect to his ailments.

Plaintiff may disagree with the treatment provided and believe that different care would have been more effective, but he does not allege facts or present documentation showing that the defendants acted with

reckless disregard for a known risk of serious harm. He does not provide any information that the delay in a diagnosis and/or more effective treatment was the result of anything more than negligence. Rather, decisions about whether to order additional diagnostic tests or treatment are classic examples of the exercise of medical judgment, and do not constitute cruel and unusual punishment. *Estelle,* 429 U.S. at 107.

Instead, plaintiff complains that defendant Buskirk failed to "properly treat" him, did not act under the "standards of a reasonable person," and "knew or should have known of his treatment history" (Dkt. 1 at 5), and that defendant Jane Doe did not act in a "reasonably competent" manner. (*Id.* at 8.) It is well-settled, however, that claims of negligence concerning a prisoner's medical treatment, i.e. medical malpractice, are not cognizable in a civil rights action under § 1983. *Jennings v. Al–Dabagh*, 97 F. App'x 548, 550 (6th Cir. 2004). Plaintiff fails to present factual allegations to indicate that the defendants acted with deliberate indifference or intentionally caused him harm, and thus fails to state a claim for relief under § 1983 as to defendants Buskirk and Jane Doe.

c. *Monetary Damages*

Plaintiff's claims for monetary damages against all of the defendants in their official and personal capacities are subject to dismissal on the basis of immunity. Eleventh Amendment immunity applies to state officials sued in their official capacity. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because the defendants are employees of the Michigan Department of Corrections and are sued in their official capacities, they are entitled to Eleventh Amendment immunity. When state officials are sued in their personal capacity for damages, they may be entitled to qualified immunity. *Id.* at 290. For plaintiff to overcome defendants' qualified immunity, he must show that defendants' conduct violated "clearly established statutory or constitutional rights of which a reasonable officer would have known." *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008) (quoting *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006)). Because there are no constitutional violations viably pleaded, plaintiff cannot overcome defendants' qualified immunity. Plaintiff's claims for monetary damages against the defendants in their official and personal capacities must therefore be dismissed.

## IV.   Conclusion

For the aforementioned reasons, plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court DISMISSES WITH PREJUDICE plaintiff's civil rights complaint The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

Dated: September 28, 2018          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager